

FILED
2/12/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21CR643 |
| v. | Judge Elaine E. Bucklo |
| NOKOMIS JEFFERSON | |

### PLEA AGREEMENT

1. This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant NOKOMIS JEFFERSON, and his attorneys, LAURA HOEY, RENAI RODNEY, and MEGAN LENZ, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The indictment in this case charges defendant with possession of a firearm as a felon, in violation of Title 18, United States Code, Section 922(g)(1).

3. Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment, which charges defendant with possession of a firearm as a

felon, in violation of Title 18, United States Code, Section 922(g)(1). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about March 9, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, NOKOMIS JEFFERSON, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a loaded Taurus 1911 Officer, .45 caliber semi-automatic pistol, bearing serial number NMB43335, which firearm had traveled in interstate commerce prior to defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1).

Specifically, on the evening of March 9, 2021, JEFFERSON was standing in the road on Hastings Street in Chicago when a car driving down Hastings Street stopped beside JEFFERSON. JEFFERSON pulled the loaded Taurus pistol from his clothing and held the loaded pistol at his side while he looked inside the car and then waved the car forward. After JEFFERSON saw responding Chicago Police Department (CPD) officers, he fled on foot through an apartment courtyard and

2

tossed the pistol as he ran. Pursuing CPD officers arrested JEFFERSON and recovered the pistol.

JEFFERSON acknowledges that the Taurus pistol traveled in interstate commerce before he possessed it, as it was manufactured outside of the state of Illinois.

JEFFERSON admits that, prior to March 9, 2021, he knew that he had been convicted of at least one felony punishable by more than one year's imprisonment, specifically, a May 2019 conviction for second-degree arson.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

    b. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other

sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the government's position as of the date of this Agreement is as follows:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the 2024 Guidelines Manual.

b. **Offense Level Calculations**.

i. The base offense level is 24, pursuant to Guideline § 2K2.1(a)(2) because defendant committed this offense subsequent to sustaining two felony convictions for a crime of violence, specifically his April 19, 2016 conviction for

4

aggravated assault of a peace officer and his May 1, 2019 conviction for second-degree arson.

    ii.  The government understands that defendant will truthfully admit the conduct comprising the offense(s) of conviction, and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. Therefore, based upon facts now known to the government, defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    iii.  In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal 9 and defendant's criminal history category is IV:

i. On or about July 24, 2024, defendant was convicted of unlawful use of a firearm by a felon in the Circuit Court of Cook County, Illinois and sentenced to 14 years' imprisonment. Pursuant to Guidelines §§ 4A1.1(a) and 4A1.2(a)(1), defendant receives 3 criminal history points for this sentence.

ii. On or about May 1, 2019, defendant was convicted of arson in the second degree in the District Court of Benton County, Minnesota and sentenced to 23 months' imprisonment. Defendant's sentence was stayed for 10 years and he was placed on supervised probation for 10 years. He was also sentenced to a total of 391 days' imprisonment with 391 days' credit for time served. Pursuant to Guidelines §§ 4A1.1(b) and 4A1.2(a)(2), defendant receives 2 criminal history points for this sentence.

iii. On or about April 19, 2016, defendant was convicted of aggravated assault of a police officer in the Circuit Court of Cook County, Illinois and sentenced to 2 years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal history points for this sentence.

iv. On or about October 6, 2015, defendant was convicted of criminal trespass to state land in the Circuit Court of Cook County, Illinois and

6

sentenced to 1 year of conditional discharge. Pursuant to Guideline § 4A1.2(c)(1), defendant does not receive criminal history points for this sentence.

    v.  On or about April 30, 2015, defendant was convicted of criminal trespass to real property in the Circuit Court of Cook County, Illinois and sentenced to 2 days' imprisonment. Pursuant to Guideline § 4A1.2(c)(1), defendant does not receive criminal history points for this sentence.

    vi.  On or about September 25, 2014, defendant was convicted of criminal trespass to real property in the Circuit Court of Cook County, Illinois and sentenced to 2 days' imprisonment. Pursuant to Guideline § 4A1.2(c)(1), defendant does not receive criminal history points for this sentence.

    vii.  On or about August 26, 2014, defendant was convicted of criminal trespass to state land in the Circuit Court of Cook County, Illinois and sentenced to 3 days' imprisonment. Pursuant to Guideline § 4A1.2(c)(1), defendant does not receive criminal history points for this sentence.

    viii.  On or about August 15, 2013, defendant was convicted of criminal trespass to real property in the Circuit Court of Cook County, Illinois and sentenced to 2 days' imprisonment. Pursuant to Guideline § 4A1.2(c)(1), defendant does not receive criminal history points for this sentence.

    ix.  On or about June 27, 2013, defendant was convicted of criminal trespass to real property in the Circuit Court of Cook County, Illinois and

sentenced to six months' conditional discharge. Pursuant to Guideline § 4A1.2(c)(1), defendant does not receive criminal history points for this sentence.

x. Because defendant received 7 or more points under Guideline § 4A1.1(a)-(d) and committed the instant offense while under a criminal justice sentence, namely, the sentence of probation imposed in connection with his May 1, 2019 conviction for arson described in paragraph 9(c)(ii), defendant receives 1 criminal history point, pursuant to Guideline § 4A1.1(e).

d. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the government anticipates the offense level to be 21 which, when combined with the anticipated criminal history category of IV, results in an anticipated advisory sentencing guidelines range of 57 to 71 months' imprisonment, in addition to any supervised release and fine the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation.

8

Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

**Forfeiture**

14. Defendant understands that, by pleading guilty, he will be subject to forfeiture to the United States all right, title, and interest that he has in any property used or intended to be used, in any manner or part, to commit or facilitate commission of the offense.

15. Defendant agrees to forfeiture of the following specific property to the United States: a Taurus 1911 Officer, .45 caliber semi-automatic pistol, bearing serial number NMB43335, and associated ammunition. In doing so, defendant admits that the property described above was involved in and used in the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

16. Defendant understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

17. Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

18. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 21CR643.

19. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

20. Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

    a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii. With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

13

b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

21. Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

22. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

23. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that

14

providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

24. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

25. Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

26. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

27. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

28. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

29. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

30. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

31. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: FEBRUARY 12, 2025

_____ for MP
MICHELLE PETERSEN (Digitally signed by MICHELLE PETERSEN Date: 2025.02.04 21:52:21 -06'00')
MORRIS PASQUAL
Acting United States Attorney

_____
NOKOMIS JEFFERSON
Defendant

_____
CAITLIN WALGAMUTH
Assistant U.S. Attorney

_____
LAURA HOEY
RENAI RODNEY
MEGAN LENZ
Attorneys for Defendant

18